IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**

    Plaintiff,

v.

**CHRISTOPHER MICHAEL SOARES,**

    Defendant.

**Case No. 6:18-cr-00151-MC**

OPINION AND ORDER

**MCSHANE, Judge**:

Defendant Christopher Michael Soares moves for compassionate release based on the circumstances of the rapidly evolving COVID-19 pandemic. Because Mr. Soares remains a danger to the community, his Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i), ECF No. 64, is DENIED.

## LEGAL STANDARD

Congress, through the First Step Act, amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to file a motion directly with the district court for compassionate relief after exhausting all administrative remedies. The Court may reduce a defendant's sentence if:

> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

1 – OPINION AND ORDER

The pertinent policy statement for sentence reductions related to medical ailments is found at U.S.S.G. § 1B1.13. "Circumstances that may present extraordinary and compelling reasons to reduce a defendant's sentence include a 'terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)' or 'a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover.'" *United States v. Bunnell*, No. CR1400119001PHXDGC, 2019 WL 6114599, at *1 (D. Ariz. Nov. 18, 2019) (quoting U.S.S.G. § 1B1.13, Application Note 1). The Court also considers whether the defendant is still a danger to the community by consulting the factors listed at 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

The Court may therefore reduce Mr. Soares's sentence under the First Step Act if it determines the existence of extraordinary and compelling reasons and that Mr. Soares is no longer a danger to the community. *Bunnell*, 2019 WL 6114599, at *1.

## **DISCUSSION**

The Court originally sentenced Mr. Soares to 160 months for one count of possession of methamphetamine with intent to distribute. Def.'s Mot. to Reduce Sentence 3, ECF No. 64. Mr. Soares has served more than four years of this sentence and has a projected release date of December 23, 2027. *Id*.

Mr. Soares is only 37 years old and suffers from obesity, high blood pressure, and high cholesterol. *Id*. at 4, 11. While these health concerns do put Mr. Soares at an increased risk of complications should he contract COVID-19, they alone are not sufficient to meet the extraordinary and compelling reasons criteria for compassionate release. Mr. Soares has also been diagnosed with bipolar disorder, attention deficit hyperactivity disorder, post-traumatic stress disorder, and depression. *Id*. at 8. He has a history of suicidal ideation and attempts. *Id*. The

combination of Mr. Soares' physical and mental health conditions, in concert with the ongoing COVID-19 pandemic, may meet the "extraordinary and compelling reasons" criteria. U.S.S.G. § 1B1.13, cmt. n.1(B).

But even if the Court were to assume that Mr. Soares has met the extraordinary and compelling reasons criteria, Mr. Soares has failed to demonstrate that he is no longer a danger to the community. When assessing whether a defendant remains a danger to the community, the Policy Statement from U.S.S.G. § 1B1.13 directs the Court to consult the factors listed in 18 U.S.C. § 3142(g), which include: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including their physical and mental condition, past conduct, history relating to drug or alcohol abuse, criminal history; (4) and whether, at the time of the current offense, the person was on probation, on parole, or on other release pending completion of a sentence. *See United States v. Spears*, Case No. 98-cr-0208-SI-22, 2019 WL 5190877, at *5 (D. Or. Oct. 15, 2019).

Mr. Soares' lengthy criminal history began in 2002. Gov.'s Resp. 5, ECF No. 65. Despite multiple convictions and terms of incarceration and supervised release, Mr. Soares has repeatedly found himself in possession of drugs and firearms. *Id*. He was arrested four times in 2016 alone, each time with a firearm, and twice possessing heroin and methamphetamine. Gov.'s Sent. Memo. 2, ECF No. 55. Mr. Soares has also struggled while on supervised release, violating the terms of release multiple times. *Id*.

Due to his extensive criminal history, the 18 U.S.C. § 3142(g) factors weigh against Mr. Soares. The Court thus finds that Mr. Soares remains a danger to the community. U.S.S.G. § 1B1.13(2).

## **CONCLUSION**

For these reasons, Mr. Soares' Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i), ECF No. 64, is DENIED.

IT IS SO ORDERED.

DATED this 12th day of January, 2021.

                                      _sMichael J. McShane_____
                                      Michael J. McShane
                                      United States District Judge