IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>    Plaintiff,<br><br>    v.<br><br>**CHRISTOPHER MICHAEL SOARES**,<br><br>    Defendant. | **Case No. 6:18-cr-00151-MC**<br><br>OPINION AND ORDER |

**MCSHANE, Judge**:

Defendant Christopher Soares renews his Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(C)(1)(A)(i) based on the circumstances of the COVID-19 pandemic. Def.'s Re. Mot. Reduce Sent. 1–2, ECF No. 72. For the following reasons, Mr. Soares's Motion is DENIED.

## LEGAL STANDARD

Congress, through the First Step Act, amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to file a motion directly with the district court for compassionate release after exhausting all administrative remedies. The Court may reduce a defendant's sentence after considering the applicable section 3553(a) factors if:

> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the BOP that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

1 – OPINION AND ORDER

Congress delegated the Sentencing Commission with defining "extraordinary and compelling reasons" through issued policy statements. *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021) (per curiam). Currently, "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *Id.* at 802. While U.S.S.G. § 1B1.13 is non-binding, the Sentencing Commission statements therein "may inform a district court's discretion" regarding defendant-filed compassionate release motions. *Id.* (citing *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)). U.S.S.G. § 1B1.13(2) advises courts against reducing the sentences of defendants who would endanger the community. *See United States v. Blick*, No. CR17-0216-JCC, 2021 WL 1313110, at *1 (W.D. Wash Apr. 8, 2021) (noting that the court finds the consideration appropriate); *see also United States v. Arceneaux*, 830 F. App'x 859 (9th Cir. 2020) (affirming denial of compassionate release because the defendant remained a danger).

## DISCUSSION

The Court originally sentenced Mr. Soares to 160 months for one count of Possession with Intent to Distribute Methamphetamine. Def.'s Re. Mot. Reduce Sent. 3. Mr. Soares has served more than five years of his sentence and has a projected release date of December 23, 2027. *Id*. He now requests the Court reduce his sentence to 100 months. *Id.*

The primary criterion for granting compassionate release is the existence of an extraordinary and compelling reason; Mr. Soares has failed to meet this burden. General health risks associated with COVID-19 in prisons are not extraordinary and compelling reasons. *E.g. US v. Rennie*, No. 3:19-cr-00402-SI, 2021 WL 5053286, at *2 (D. Or. Nov. 1, 2021) (citing Ninth Circuit cases holding the same). Increasingly, refusal of available vaccines also precludes defendants from showing extraordinary and compelling circumstances. *See id.*; *United States v.*

*Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021); *US v. Washington*, No. 3:18-cr-00522-HZ, 2022 WL 72106, at *3, (D. Or. Jan. 3, 2022). Mr. Soares is 38 years old and suffers from obesity, hyperlipidemia, hypertension, gastroesophageal reflux disease, bodily pain, and a history with drug abuse. Def.'s Re. Mot. Reduce Sent. 4. While these health concerns do put Mr. Soares at an increased risk of COVID-19 complications, they alone are not sufficient to meet the bar of extraordinary and compelling reasons. Further, Mr. Soares has already contracted COVID-19 since his last motion and did not face life threatening symptoms. Def.'s Re. Mot. Ex. 3, at 16–27, ECF No. 72. Mr. Soares has also twice refused a COVID-19 vaccine, putting himself and fellow inmates at a higher risk. *Id.* at 94.

Mr. Soares also points to the compounding effects of current prison conditions on his mental health. Def.'s Re. Mot. Reduce Sent. 12–14. Mr. Soares has been diagnosed with post-traumatic stress disorder, bipolar disorder, attention deficit hyperactivity disorder, and depression. *Id.* at 4. He argues that prison conditions throughout the pandemic have exacerbated his mental health concerns, but the Court does not find that they rise to the level of extraordinary and compelling. It is undisputed that conditions of confinement at FCI Sheridan have declined during the pandemic. However, Mr. Soares still receives his medication and has access to some treatment programs. Gov.'s Re. Resp. 4, ECF No. 74. The strain placed on prison services and resources by COVID-19 is a temporary and ever-changing issue which does not warrant the complete or early release of every inmate who feels the effects of the pandemic on day-to-day prison life.

Even if the Court were to find extraordinary and compelling circumstances, Mr. Soares's motion would still be denied based on the section 3553(a) factors. The nature of his offense is significant. Mr. Soares was convicted of a Class A Felony, Possession with Intent to Distribute Methamphetamine, and committed crimes within a vulnerable community already plagued by

methamphetamine addiction. Gov.'s Sent. Memo. 3, ECF No. 55. Coupled with his criminal history, Mr. Soares's sentence of 160 months in prison is well below the sentencing guideline provision of 262–327 months. *Id.*

While the Court acknowledges that U.S.S.G. § 1B1.13 is not binding, the Defendant's failure to demonstrate that he is no longer a danger to the community correctly informs the Court's decision. Mr. Soares's lengthy criminal history began in 2002. Gov.'s Re. Resp. 1. Despite multiple convictions, terms of incarceration, and supervised release, Mr. Soares has repeatedly found himself in possession of drugs and firearms. *Id*. Mr. Soares has also struggled while on supervised release, violating the terms of release multiple times. *Id*. Although Mr. Soares has made progress during his incarceration, educating himself, leading a 12-step program, and earning positive reports from the director of ROC Recovery, it does not outweigh Mr. Soares's history and repeated offenses. Def.'s Re. Mot. Reduce Sent. 6.

## CONCLUSION

For these reasons, Mr. Soares's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i) is DENIED.

IT IS SO ORDERED.

DATED this 3rd day of February, 2022.

                                                 **s/Michael J. McShane**
                                                 Michael J. McShane
                                                 United States District Judge